UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.**

------------------------------------------------------------------------x

Innocia Pierrepaul

                     Plaintiff,


       -against-


Cavalry Portfolio Services, LLC

                     Defendant.

------------------------------------------------------------------------x


## <u>COMPLAINT</u>

Plaintiff Innocia Pierrepaul ("Plaintiff" or "Pierrepaul") by and through her attorneys, Michael Jay Ringelheim for RC Law Group, as and for her Complaint against Defendant Cavalry Portfolio Services, LLC ("Defendant" or "Cavalry ") respectfully sets forth, complains and alleges, upon information and belief, the following:


## <u>JURISDICTION AND VENUE</u>

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act, section 559.55, Florida Statues, et. Seq ("FCCPA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Broward, residing at 3150 N Palm Aire Drive, Apt. 209, Pompano Beach, FL 33069.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and Fla. Stat section 559.55, with an address at 500 Summit Lake Dr., Ste 400, Valhalla, NY, 10595.

6. Defendant was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9.  The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat section 559.55(6).

10. On or around January 11, 2016 the Plaintiff received a collection letter from the Defendant.

11. This letter contained a settlement offer but at the end of the offer stated "The law limits how long you can be sued on a debt. Because of the age of your debt we will not sue you for it."

12. Two of the offers made on the letter included multiple payments in a payment plan.

13. The letter fails to inform the consumer that making a payment will restart the statute of limitations for a lawsuit to occur.

14. This is a deceptive settlement offer since it fails to disclose material facts that would impact a consumer's decision when choosing to make a payment and choosing a settlement plan.

15. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.


**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards Plaintiffs violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), and 1692f.

18. As a result of the Defendant's violations of the FDCPA, Plaintiffs have been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### (Violations of the FCCPA-section 559.55)

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

20. Defendant violated section 559 of the Florida Statues when the letter omitted a material statement from the collection letter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

a)      For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b)      For statutory damages provided and pursuant to 15 U.S.C.   § 1692k(a)(2)(A);

c)      For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      For statutory damages pursuant to section 559.77(2) Florida Statues;

e)      Reasonable costs and attorney's fees pursuant to section 559.77(2), Florida Statutes and;

f)      For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated:  January 11, 2017

Respectfully Submitted,

By:     /s/Michael Jay Ringelheim
        Florida bar No.: 93291
        mringelheim@gmail.com
        RC Law Group, PLLC
        285 Passaic Street
        Hackensack, NJ, 07601
        Telephone: (201) 282-6500 ext 254
        Facsimile: (201) 282-6501
        Attorney for Plaintiff